J-S14005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUANTAY SIMONE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1707 EDA 2017 |
| | : | |

Appeal from the Judgment of Sentence April 21, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010030-2008

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY OTT, J.:                              **FILED JUNE 05, 2018**

Quantay Simone Williams appeals from the judgment of sentence imposed on April 21, 2017, in the Court of Common Pleas of Philadelphia County, following a violation of parole/probation (VOP) hearing.  In this appeal, Williams challenges the discretionary aspects of her revocation sentence of one to three-and-one-half years' imprisonment.  Based upon the following, we affirm.

The trial court has summarized the procedural history of this case as follows:

> On July 10, 2009, [Williams] pleaded guilty to risking a catastrophe, 18 Pa.C.S. Section 3302(b) and reckless endangerment, 18 Pa.C.S. Section 2705.  She was sentenced to 11-1/2 to 23 months of imprisonment with immediate parole on

_____

* Retired Senior Judge assigned to the Superior Court.

the charge of risking a catastrophe and four years of probation for reckless endangerment. The sentences were to run concurrently.

On February 22, 2011, May 16, 2014, and September 10, 2014, this court found [Williams] in violation of probation. On each date, probation was revoked and a new sentence was imposed.

On December 14, 2014, this court found [Williams] in violation of probation and parole. [Williams] was sentenced to [one to] two years of imprisonment to be followed by three years of probation for risking a catastrophe. She was paroled on November 30, 2015.

On April 17, 2017, this [c]ourt found [Williams] in violation of parole[/probation]. She was sentenced to one to three-and-one-half years of imprisonment. This court determined that her sentence for reckless endangerment had been completed.

VOP Court Opinion, 8/30/2017, at 1-2.

"[T]his Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*). Furthermore,

"[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Crump*, 2010 PA Super 101, 995 A.2d 1280, 1282 (Pa.Super. 2010); 42 Pa.C.S. § 9781(b). Rather, an "[a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Crump, supra* at 1282. In determining whether a substantial question exists, this Court does not examine the merits of the sentencing claim. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (Pa. 1987).

In addition, "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a **discretionary aspect** of a sentence is waived." *Commonwealth v. Kittrell*, 2011 PA Super 60, 19 A.3d 532, 538 (Pa. Super. 2011). Furthermore, a defendant is required to preserve the issue in a

court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement. **Commonwealth v. Naranjo**, 2012 PA Super 183, 53 A.3d 66, 72 (Pa. Super. 2012).

**Cartrette**, at 1042.

Here, Williams properly preserved her challenge to the discretionary aspects of the sentence by filing a timely appeal, raising the claim in a post sentence motion for reconsideration, and including in her appellate brief a statement pursuant to Pa.R.A.P. 2119(f), setting forth the reasons she relies upon for allowance of appeal. Therefore, we consider whether Williams has presented a substantial question that her sentence is inappropriate under the Sentencing Code.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted). In her Section 2119(f) statement, Williams challenges "the sheer disproportionality and excessiveness of the lower court's sentence for a technical violation of probation." Appellant's Brief at 11. This claim raises a substantial question. **See Commonwealth v. Kelly**, 33 A.3d 638, 640 (Pa. Super. 2011) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question.") Furthermore, Williams contests the trial court's imposition of a sentence of total confinement. This claim also

presents a substantial question. *See Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) ("Appellant's claim that the trial court sentenced him to a term of total confinement based solely on a technical violation raises a substantial question for our review."). Therefore, we will review Williams' sentencing claim.

The following principles guide a court's review of a VOP sentence:

[A] trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence. The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

\*\*\*\*

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

\*\*\*\*

[A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Commonwealth v. Pasture*, 107 A.3d 21, 27-29 (Pa. 2014) (case citations omitted). *See also Commonwealth v. Derry, supra*, 150 A.3d 987, 994-995 (holding a VOP sentencing court must consider 42 Pa.C.S. § 9721(b) factors, and must also consider factors set forth in 42 Pa.C.S. § 9771(c)).

Preliminarily, we agree with the Commonwealth that Williams has waived any claim that the trial court abused its discretion in imposing a term of total confinement because her counsel suggested to the court that a one to three-and-one-half year sentence would be appropriate. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (finding that where counsel suggested county incarceration might be proper and appellant himself claimed a jail term of 12 to 24 months would be more

appropriate than 18 to 36 months, such comments "would appear to waive appellant's argument's regarding total confinement"). At the opening of the Violation of Probation Hearing, held on April 21, 2017, counsel for Williams stated, unequivocally:

> So, Your Honor, what I would be asking for because she, I have had Ms. Williams for years as Your Honor knows. I would ask it just be one to three years, no probationary tail, because she is just not a candidate for probation. She is not committing any offenses, but she is not compliant in any way, shape, or form with probation. And I can't argue that. So I would just ask for one to three if Your Honor. [sic]

N.T. VOP Hearing, 4/21/2017, at 3-4. Unlike **Malovich**, where counsel merely *suggested* incarceration would be proper, here, counsel *asked* the court to impose a sentence of incarceration. Therefore, all issues currently raised by Williams challenging the fact that a term of incarceration was imposed, including the failure to obtain a pre-sentence report, are waived.

Although Williams has claimed her sentence was disproportionate and excessive to her technical violations, her argument specifically addresses the imposition of any term of total incarceration, as discussed above, and not a specific claim that the term of incarceration was excessive. Nonetheless, as such a claim might be construed as being fairly encompassed in a claim of excessive sentencing, we will briefly comment thereon.

The VOP court, which was also the trial court and the court that heard all previous VOP allegations, imposed a sentence of one to three-and-one-half years' incarceration. The minimum term of one year is identical to the

sentence requested by Williams' counsel. *See* N.T. VOP Hearing, *supra*. Initially, we note the three-and-one-half year maximum term of incarceration is six months longer that the term requested by Williams' counsel. *Id*. There is no apparent reason to determine the extra 180 days imposed on the requested three years maximum sentence represents an abuse of discretion that resulted in a manifestly excessive sentence. Moreover, the VOP judge noted sufficient reasons for imposing the sentence.

> In fashioning the sentence, this court considered that [Williams] has not been convicted of a new crime since her initial guilty plea and sentencing in 2009. This court considered defense counsel's recommended sentence of one to three years of imprisonment. [Williams] was found in violation of probation five times since her guilty plea. The docket entries show that she was given the opportunity for mental health and drug treatment to address her rehabilitative needs. Nevertheless, she has repeatedly failed to fulfill the terms of her probation. [Williams] has shown contempt of court by failing to appear for her hearings. The supervision, counseling and treatment services made available to her have not succeeded. Incarceration in required to protect [Williams] from her own irresponsible behavior. Incarceration "is essential to vindicate the authority of this court." 42 Pa.C.S. Section 9771 (c).

VOP Court Opinion, 8/30/2017, at 5-6 (citation to record omitted).

It has been often repeated that:

[A] court may sentence a defendant to total confinement subsequent to revocation of probation if **any** of the following conditions exist:

   1. the defendant has been convicted of another crime; or

   2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> 3. such a sentence is essential to vindicate the authority of this court.

***Commonwealth v. Crump***, 995 A.2d 1280, 1282-83 (Pa. Super. 2010) (emphasis added).

The VOP court had the authority to impose a sentence of total incarceration; defense counsel requested a sentence of total incarceration based upon Williams' inability to conform the terms of her probation; the VOP court, having been involved with Williams from the inception of the underlying matter, was all too aware of Williams' multiple failings regarding compliance with the terms of her probation; the VOP court imposed a sentence that was only six months longer than the sentence requested by defense counsel; and, the VOP court imposed a sentence designed to both aid Williams in her rehabilitation and to vindicate the authority of the court.

We find no abuse of discretion, and, therefore, Williams is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/18